IN THE MATTER OF THE WILL OF LUKIE DALE LYNN, DECEASED.

(Filed 4 May, 1966.)

**1. Wills § 20—**
    Evidence in this case *held* insufficient to raise the issue of undue in-
fluence in the execution of the paper writing caveated, and the evidence
failed to show that there was any fiduciary relationship between testatrix
and the persons alleged to have exerted undue influence.

**2. Evidence § 56—**
    The court's refusal to admit in evidence a document tending to corro-
borate a witness of the adverse party, and competent solely for the pur-
pose of corroborating the testimony of the witness, cannot be prejudicial.

MOORE, J., not sitting.

APPEAL by caveators from *Hall, J.,* November 1965 Civil Session
of WAKE.

Caveat proceedings.

Miss Lukie Dale Lynn died August 8, 1964, then 84 years of age,
leaving an estate of a value in excess of $100,000.00. On September
2, 1964, Raymond A. Sorrell presented to the Clerk of the Superior
Court of Wake County for probate three paper writings, (1) one
dated November 28, 1956, purporting to be the last will and testa-
ment of Lukie Dale Lynn, in which Raymond A. Sorrell was ap-
pointed executor; (2) one dated March 6, 1957, purporting to be a
codicil to her said will, providing for the appointment of John War-
ren Lynn, her nephew, as executor in the event Raymond A. Sorrell
should become incapacitated and unable to serve; and (3) one
dated July 29, 1957, purporting to be a codicil to her said will.
Thereupon, the said three paper writings were probated in common
form as the holographic will of Lukie Dale Lynn and as holographic
codicils thereto and letters testamentary were issued to Raymond
A. Sorrell.

In the paper writing dated November 28, 1956, Lukie Dale Lynn makes specific monetary bequests to named relatives and friends, monetary bequests "to the three missionaries supported by the Daily Devotional Program, Inc.," and disposes of the residue of her estate, much the greater part in value, in these words: "And I wish and desire that the residue of my Estate be equally devided *(sic)* between the two Missions as described below.

"American Board of Commissioners for Foreign Missions of the Congregational Christian Church 14 Beacon Street Boston Massachusetts, Said residue to be added to the permanent funds of the Board as a memorial to B. Frank Lynn, Lukie Dale Lynn and Amelia Myrtle Lynn and that the income from Said residue be used for the support of the Mission Work of the Board of Commissioners for Foreign Missions. The second half of residue to go to The Lords Treasury, Inc., of Star-N. C. Said residue to be added to the regular fund of said incorporation as a Memorial to B. Frank Lynn, Lukie Dale Lynn and Amelia Myrtle Lynn and that the income from said residue be used for the support of Foreign Mission Work of The Lords Treasury Inc.,

"It is understood that said residue is never to be used as personal profit in any manner."

On October 29, 1964, Thurla Lynn Johnson, a niece, and Thomas Clyde Rogers, a nephew, filed a caveat to said purported will, treating the three paper writings as constituting a single document. The caveators alleged: (a) That the signature of Lukie Dale Lynn to said document "was obtained by Mrs. Evelyn Clark Sorrell, wife of Raymond A. Sorrell, Executor; Dr. Stanley Harrell, former Pastor of the Congregational Christian Church of the City of Durham, North Carolina; and Mr. Ernest Hancock, Manager and Controller of the Lords Treasury, Inc., Star, North Carolina, through undue and improper influence and duress upon the said Lukie Dale Lynn"; and (b) that, at the time of the execution of said document, Lukie Dale Lynn "was by reason of old age, disease, and both mental and physical weakness and infirmity not capable of executing a last will and testament, which condition existed and continued to exist until" her death.

Answers, in which the essential allegations of the caveat were denied, were filed by Raymond A. Sorrell, Executor, by The Lord's Treasury, Inc., and by The United Church Board for World Ministries, also known as The American Board of Commissioners for Foreign Missions. In said answers, these beneficiaries joined in the prayer of said executor that said paper writings be adjudged the last will and testament of Lukie Dale Lynn.

*Pendente lite,* to wit, on May 28, 1965, Raymond A. Sorrell died. Thereafter, John Warren Lynn qualified as substitute executor, was served with process and filed answer in which he denied the essential allegations of the caveat and prayed that said writings be adjudged the last will and testament of Lukie Dale Lynn.

The caveators tendered, and the court refused to submit, the following issue: "Was the execution of said paper writings dated November 28, 1956; March 6, 1957, and July 27, 1957, procured by the exercise of undue influence over Lukie Dale Lynn, as alleged by the caveators?"

The issues submitted and the answers thereto are as follows:

"1. Were the paper writings propounded by propounders, and dated respectively the 28th day of November, 1956, the 6th day of March, 1957, and the 29th day of July, 1957, all executed by Miss Lukie Dale Lynn, according to the formalities of the law required to make a valid last will and testament? ANSWER: Yes.

"2. At the time of signing and executing each of these paper writings, did said Lukie Dale Lynn have sufficient mental capacity to make and execute a valid last will and testament? ANSWER: Yes.

"3. Are the paper writings propounded by propounders, and dated the 28th day of November, 1956, the 6th day of March, 1957, and the 29th day of July, 1957, and every part thereof, the Last Will and Testament of Lukie Dale Lynn, deceased? ANSWER: Yes."

Upon said verdict, it was ordered, adjudged and decreed "(t)hat the paper writings dated the 28th day of November, 1956; the 6th day of March, 1957, and the 29th day of July, 1957, propounded for probate, and every part thereof, are the last will and testament of Lukie Dale Lynn, deceased, and the same are hereby admitted to probate in solemn form."

The caveators excepted and appealed.

*Brooks & Brooks for appellants.*

*Emanuel & Emanuel and Hofler, Mount & White for executor, appellee.*

*Everett, Everett & Everett and H. F. Seawell, Jr., for charitable beneficiaries, appellees.*

PER CURIAM. The paper writing of primary significance is the purported will of November 28, 1956. The purported codicils do not affect appreciably its dispositive provisions.

Uncontroverted evidence tends to show the facts narrated below.

The principal asset of the estate consists of inherited land in the Research Triangle area. In recent years, Lukie Dale Lynn, and her sister, Amelia Myrtle Lynn, and her brother, Frank Lynn, lived in the six-room house on said land. Frank died in 1945 or 1946. Amelia died in January, 1955, and Lukie Dale Lynn qualified and served as executrix of Amelia's estate. Thereafter, until she suffered a stroke in July, 1962, Lukie Dale Lynn lived alone in said house, occupying only two rooms thereof, although during much of this period various neighbors and relatives would stay with her from time to time. After her stroke, she was in Watts Hospital or Hillcrest Rest Home until she died.

On November 28, 1956, Lukie Dale Lynn was 77. This was nearly six years before she suffered the stroke.

In May of 1963, based on Lukie Dale Lynn's then incompetency, John Warren Lynn (substitute executor of Lukie Dale Lynn's estate) qualified as her guardian and thereafter served in that capacity. On May 31, 1963, an inventory was made of the contents of Lukie Dale Lynn's safe deposit box at Wachovia Bank and Trust Company in Durham. When said inventory was made, said three paper writings, wholly in her handwriting and later probated as Lukie Dale Lynn's last will and testament, were in the box. After the inventory, said three paper writings were put back in the box and remained there until Lukie Dale Lynn's death.

There was no conflict in the evidence relating to the first issue.

As to the second (mental capacity) issue, the evidence was in sharp conflict. The jury, under proper instructions, answered this issue in favor of the propounders.

The first and second issues having been answered, "Yes," by the jury, the court, as stipulated, answered the third issue, "Yes."

Caveators assign as error the court's refusal to submit their tendered issue relating to alleged undue influence and the court's failure to instruct the jury as to undue influence. These assignments are without merit. Careful consideration fails to disclose any evidence that the signature of Lukie Dale Lynn to said paper writings was obtained "through undue and improper influence and duress upon the said Lukie Dale Lynn" by Mrs. Sorrell or by Dr. Harrell or by Mr. Hancock. Moreover, we find nothing in the evidence sufficient to support caveators' contention 'that there existed a fiduciary or confidential relationship between any of these persons and Lukie Dale Lynn.

Caveators assign as error the court's refusal to admit in evidence the verified petition dated May 7, 1963, filed by J. W. Lynn in the proceeding in which he was appointed guardian of the affairs of

Lukie Dale Lynn. J. W. Lynn testified as a witness *for the pro-pounders*. The petition of May 7, 1963, was competent only to corroborate or to contradict J. W. Lynn. In fact, it tended to corroborate him in respect of an uncontroverted fact, namely, that Lukie Dale Lynn was suffering from senile dementia and was mentally incapable of managing her affairs *in May of 1963*.

Other assignments of error are directed to adverse rulings in relation to the admission or exclusion of evidence. Suffice to say, careful consideration of these assignments fails to disclose prejudicial error.

No error.

MOORE, J., not sitting.